OPINION
{¶ 1} Defendants-appellants, Mark Mullins and Matthew Mullins d.b.a. MM Land Designs, appeal a decision of the Butler County Court of Common Pleas quieting title to a strip of land between appellants' property and that of plaintiffs-appellees, Ronald V. Berry and his wife, Linda L. Berry.
 {¶ 2} In 1974, appellees purchased a tract of land located at 4145 Darrtown Road in *Page 2 
Milford Township, in Butler County, Ohio and built their residence on it. In 1997, appellees purchased an adjacent tract of land located at 4065 Darrtown Road and leased that property to a tenant. In 1999, appellants purchased a tract of land located at 4025 Darrtown Road, which lies immediately south of appellees' property at 4065 Darrtown Road.
 {¶ 3} In May 2001, appellants bulldozed a fence that ran along the northern boundary of their property and the southern boundary of appellees' property at 4065 Darrtown Road. After appellants refused their request to have the land surveyed so that the boundary line could be determined and the fence rebuilt, appellees had a line survey performed in February 2002 to reestablish the boundary line between the two properties. At that time, appellees' surveyors placed stakes to mark what the surveyors determined to be the boundary line between the two properties. In August 2002, appellants destroyed the surveyors' stakes.
 {¶ 4} On September 30, 2002, appellees filed a complaint alleging that appellants had trespassed on their property and caused damages to them as a result. For approximately the next year and a half, the parties attempted to settle the controversy between them, but their efforts proved unsuccessful.
 {¶ 5} On May 28, 2004, appellees filed an amended complaint, reiterating their trespass claim and adding a claim that they owned the disputed strip of land[1] under the doctrine of adverse possession. In response, appellants filed an answer and counterclaim, arguing that they owned the disputed strip of land, and requesting the trial court to quiet title to it in their favor.
 {¶ 6} A trial was held on the matter on September 2, 2004.[2] At the close of evidence, *Page 3 
the trial court determined that the evidence preponderated in appellees' favor with respect to the issues of the actual location of the boundary line between the parties' properties and, concomitantly, the ownership of the disputed strip of land. Finding that its decisions on these issues mooted appellees' adverse possession claim, the trial court quieted title to the disputed strip of land in appellees' favor and ordered the parties' deeds to be reformed to reflect its decision.
 {¶ 7} Appellants now appeal, assigning the following as error:
 {¶ 8} "THE TRIAL COURT ERRED BY FINDING IN FAVOR OF THE PLAINTIFFS/APPELLEES AT THE TRIAL IN THE ABOVE MATTER."
 {¶ 9} Appellants argue that the trial court's finding that the disputed strip of land between the parties' properties belongs to appellees was against the manifest weight of the evidence. We disagree with this argument.
 {¶ 10} The location of a boundary is a question of fact to be determined by the trier-of-fact, who is free to accept all, some, or none of the testimony of any witness who testifies on the issue. SeeThompson v. Hayslip (1991), 74 Ohio App.3d 829, 836; see, also,Harris v. Coppock (Super.Ct. 1907), 18 Ohio Dec. 266, 268 (boundary's location is question of fact to be determined by jury or court by preponderance of the evidence). Evaluating evidence and assessing the credibility of the witnesses are primarily functions of the trier-of-fact. See Owens v. Haunert (2000), 137 Ohio App.3d 507, 513. In reviewing a judgment in a civil case, the trial court's decision will not be reversed as being against the manifest weight of the evidence if there is some competent credible evidence to support it. Id. at 513-514.
 {¶ 11} Appellees' property at 4065 Darrtown Road was at one time part of a farm that was divided into two parcels by a deed from George Kolb to Joseph Dittrich in 1928. This deed recites that the dividing line between the two original parcels was 674.52 feet south of *Page 4 
the section line.[3] The northerly parcel eventually became the Vereker Estates Subdivision, while a portion of the southerly parcel eventually became appellees' property located at 4065 Darrtown Road.
 {¶ 12} There were two surveys conducted subsequent to the original partition, which have figured prominently in this case. The first was conducted in 1960 by J. Paul Albert, who surveyed the property located at 4065 Darrtown Road. Using the original call in the 1928 deed, the Albert survey set the dividing line between the two original parcels at 674.52 feet south of the section line. This survey was recited in the deed granting the property from Ed and Ester Green to John and Myrtle Hessin, and in the deed granting the property from the Hessins to appellees.[4] Although it was created in 1960, the Albert survey was not recorded until 1969.
 {¶ 13} The second survey was conducted and recorded in 1966 by John Fetters of Fetters and Thien Surveyors, who surveyed the property where the Vereker Estates Subdivision was to be built and created a plat for that tract of land. The Fetters survey sets the dividing line between the two original parcels at 688.50 feet south of the section line.
 {¶ 14} The dividing line between the two original parcels forms the northern boundary of appellees' property located at 4065 Darrtown Road. All of the surveyors who testified at *Page 5 
trial acknowledged that if the dividing line is located at 674.52 feet south of the section line, as the Albert survey claims, the disputed strip of land belongs to appellants, but if the dividing line between the two original parcels is located at 688.50 feet south of the section line, as the Fetters survey claims, then the disputed strip of land belongs to appellees.
 {¶ 15} After reviewing the evidence, the trial court found that the Fetters survey "more correctly sets forth the boundary lines in issue," and ordered that the property descriptions in the parties' respective deeds be reformed to reflect a starting point of 688.50 feet south of the section line. In support of its decision, the trial court noted, among other things, that if the measurements in the Fetters survey are accepted as true, then all of the parcels in the Vereker subdivision match their actual location and frontage[5] on the ground, whereas if the measurements in the Albert survey are accepted as true, then all of the parcels along Darrtown Road would no longer match the descriptions in their deeds.
 {¶ 16} Appellants do not dispute the accuracy of this observation. Nevertheless, they argue that in determining the boundary line between the parties' properties, the trial court erred when it failed to follow what they refer to as the "hierarchy of monuments," by which they apparently mean the "hierarchy of descriptive elements or calls." They assert that the trial court should have focused its attention on the natural and artificial monuments identified in the Albert survey and by their own surveyors rather than on the descriptive elements of area, quantity, or frontage, because under the hierarchy of descriptive elements or calls, natural or artificial monuments are deemed to be more reliable indicators of a boundary's location than descriptive elements like quantity, area, or frontage.
 {¶ 17} Boundaries are often delineated by various descriptive elements or "calls," *Page 6 
which, under their generally accepted order of precedence, include: (1) "natural monuments," e.g., mountains, bodies of water, or trees; (2) "artificial monuments," e.g., fences, highways and streets, or a surveyor's wooden stake; (3) "courses," i.e., the direction in which a boundary line runs, whether the direction is fixed by a point on the compass or by a monument; (4) distances; and (5) quantity or area. 2 Ohio Jurisprudence 3d (1998) 53, 55-57, 77-78, Adjoining Landowners, Sections 45, 47-49, 70. See, also, Owens, 137 Ohio App.3d at 514-515.
 {¶ 18} Although the trial court found it of great significance that use of the measurements in the Fetters survey enabled all of the parcels in the Vereker subdivision to match their actual location and frontage on the ground while use of the measurements in the Albert survey did not, the trial court did not base its decision entirely on the descriptive elements of area, quantity, or frontage.
 {¶ 19} For example, the trial court noted in its decision that the Fetters survey and Fetters' survey notes show that Fetters found a pin on Darrtown Road that was in a direct line with an established fence he had noted. The pin places the division line between the two original parcels at 688.50 feet south of the section line. The division line was then used to determine the property lines and property descriptions of the parcels in the Vereker Subdivision, which have been in existence since 1966. The pin that Fetters found and relied upon in determining the property lines and property descriptions of the parcels in the Vereker Subdivision, as well as the fence noted by Fetters, constitute artificial monuments, which buttress the credibility of the Fetters survey. See 2 Ohio Jurisprudence 3d 55-56, Section 48.
 {¶ 20} When viewed in its totality, there was some competent, credible evidence presented to support the trial court's judgment that the Fetters survey more correctly established the boundary between the parties' properties and, therefore, the trial court's decision was not against the manifest weight of the evidence. See Owens, *Page 7 137 Ohio App.3d at 513-514.
 {¶ 21} Appellant's assignment of error is overruled.
 {¶ 22} Judgment affirmed.
YOUNG, P.J. and BRESSLER, J., concur.
[1] The disputed strip of land concerns approximately 16 feet of ground that runs between appellants' property at 4025 Darrtown Road and appellees' property at 4065 Darrtown Road.
[2] Although the trial was recorded, the recording was of such poor quality that it could not be transcribed. Therefore, the trial court placed into the record a "Revised Statement of the Evidence" summarizing the testimony presented at the trial.
[3] The "section line" to which the deed refers is a line marked on the plat of Section 32, Town 5, Range 2 East, in Milford Township, in Butler County, Ohio.
[4] The deed to appellees' property located at 4065 Darrtown Road states:
"SITUATE IN SECTION 32, TOWN 5, RANGE 2 EAST, IN MILFORD TOWNSHIP, BUTLER COUNTY, OHIO, BOUNDED AND DESCRIBED AS FOLLOWS: BEGINNING AT A POINT IN THE EAST LINE OF SAID SECTION 32 LOCATED 674.5 FEET SOUTH OF THE NORTHEAST CORNER: THENCE DUE SOUTH ALONG THE SECTION LINE 254.80 FEET; THENCE NORTH 88 ° 23' 30" WEST ALONG THE LINE OF A WIRE FENCE 376.88 FEET TO A CORNER FENCE POST; THENCE NORTH 28 ° 58' WEST 169.40 FEET TO A STEEL FEET POST; THEN NORTH 86 ° 23' WEST ALONG THE LINE OF A WIRE FENCE 398.00 FEET TO A POINT IN THE GRANTOR'S WEST LINE; THENCE DUE NORTH 63.79 FEET ALONG SAID WEST LINE TO THE GRANTOR'S NORTHWEST CORNER; THENCE NORTH 89 ° 48' EAST ALONG THE GRANTOR'S NORTH LINE AND PARALLEL TO THE NORTH LINE OF SECTION 32 A DISTANCE OF 848.10 FEET TO THE POINT OF BEGINNING, CONTAINING 3.138 ACRES OF LAND MORE OR LESS AND BEING SUBJECT TO THE LEGAL RIGHT OF WAY OF THE PUBLIC HIGHWAY; ACCORDING TO A SURVEY BY J. PAUL ALBERT, REGISTERED SURVEYOR NO. 2999, STATE OF OHIO, AND DATED NOVEMBER 7, 1960."
[5] "Frontage" is defined as "[t]he part of land abutting a street or highway or lying between a building's front and a street or highway." Black's Law Dictionary (8th Ed.2004) 692. As used here, the term "frontage" refers to the linear distance" of the frontage of a parcel or tract of land. Id. *Page 1